UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KENNETH J. CLAIBORNE                                                             PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 1:24-CV-141-HSO-RPM

COMMISSIONER OF SOCIAL
SECURITY                                                                         DEFENDANT

**REPORT AND RECOMMENDATION**

Kenneth J. Claiborne, proceeding *pro se* and *in forma pauperis*, filed an appeal from the Commissioner of Social Security's denial of his claim for disability insurance benefits under the Social Security Act. Claiborne filed the application for disability benefits on October 1, 2020, alleging an onset date of disability beginning August 19, 2020. Doc. [7] at 190. He alleged disability due to lower back problems, PTSD, chronic anxiety, and high blood pressure. *Ibid.* At the time of his application, Claiborne was 57 years old, with 2 years college, and past relevant work as an appointment clerk, administrative control unit specialist, and chemical operations specialist  *Id.* at 23, 60, 66, 91, 191.

The Commissioner denied Claiborne's application initially and on reconsideration. *Id.* at 90-99. Claiborne requested and was granted a hearing before an Administrative Law Judge (ALJ). The ALJ conducted a first hearing on July 6, 2022. *Id.* at 72-89. Claiborne participated in the hearing without a representative. During the hearing, Claiborne announced he would withdraw his claim and wait to file when he turned age 63. *Id.* at 88. Accordingly, the ALJ dismissed the case. *Id.* at 103. However, Claiborne filed a motion for review asking that the dismissal be set aside. *Id.* at 152-53. The Appeals Council remanded the matter to the ALJ. *Id.*

at 106-07.  On June 29, 2023, the ALJ conducted a second hearing.  *Id.* at 30-71.  Claiborne again participated without representation.

On September 11, 2023, the ALJ issued a decision finding Plaintiff not disabled.  *Id.* at 14-26.  The ALJ found Claiborne had not engaged in substantial gainful activity since the alleged onset date of August 19, 2020.  *Id.* at 16.  The ALJ further found that Claiborne had severe impairments of lumbar spine degenerative disc disease and obesity.  *Ibid.*  The ALJ considered other conditions (hypertension, gout, arthritis of the knee, diverticulitis, hearing loss, left leg/foot injury, hyperparathyroidism, mild first MTP joint degenerative changes, depression, anxiety, and PTSD) but found none to be severe.  *Id.* at 16-20.  Furthermore, the ALJ found that Claiborne did not have an impairment or combination of impairments that meets one of the Listings under the Social Security regulations.  *Id.* at 20-21.  After considering Claiborne's impairments, the ALJ determined that Claiborne had the residual functional capacity (RFC) to perform a full range of light work.  *Id.* at 21.  Relying on the testimony of a vocational expert, the ALJ concluded that Claiborne can perform past relevant work as an appointment clerk and as an administrative control unit specialist.  *Id.* at 25-26.  Accordingly, the ALJ found Claiborne is not disabled under the Act.  *Id.* at 26.

The Appeals Council denied Claiborne's motion for review.  *Id.* at 4-8, 159-60.  He then filed the instant complaint.  In his memorandum brief, Claiborne raises the following issues:  (1) the ALJ was ill-prepared, disrespectful, and biased; (2) the ALJ incorrectly stated that Claiborne did not have any further treatment for his lower back condition after June 20, 2020; (3) the ALJ failed to consider that the Veterans Administration (VA) was not performing face to face appointments due to COVID-19; (4) the ALJ improperly discounted Claiborne's subjective complains of pain; and (5) the ALJ's RFC was not supported by substantial evidence.  Doc. [11].

2

## Law and Analysis

### Standard of Review

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision is supported by substantial evidence, then the findings are conclusive; and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA)

utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

### ALJ's Bias and Preparedness

Claiborne argues that the ALJ was not prepared for his "initial meeting" because he did not have all medical documentation. Doc. [11] at 1-2. He alleges the ALJ was combative and disrespectful during the "initial interview." He also contends the ALJ was not impartial.

Due process requires "a fair and impartial tribunal, whether at the hands of a court, an administrative agency or a government hearing officer." *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1052 (5th Cir. 1997). Bias claims are "not lightly established" because they must overcome "two strong presumptions: (1) the presumption of honesty and integrity of the adjudicators; and (2) the presumption that those making decisions affecting the public are doing so in the public interest." *Bigby v. Dretke*, 402 F.3d 551, 558 (5th Cir. 2005). The claimant

bears the burden of demonstrating the ALJ's bias and overcoming the presumption that the ALJ is fair and unbiased. *Schweiker v. McClure*, 456 U.S. 188, 195-96 (1982). "'[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge' unless 'they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999).

Claiborne does not point to any evidence demonstrating the ALJ's partiality or bias other than asserting in conclusory fashion that the ALJ was "combative", "disrespectful", and accused Claiborne of "trying to overtalk him." The undersigned has reviewed the hearing transcripts. During the hearings, Claiborne repeatedly expressed his disagreement with how the ALJ was conducting the proceedings. The ALJ attempted to explain to Claiborne how the hearing and review process works. The ALJ did not make any comments or remarks that would suggest bias or partiality. Claiborne has failed to meet his burden to overcome the presumption that the ALJ was fair and unbiased.

Claiborne further alleges the ALJ did not have all the necessary medical records at the "initial meeting" or "initial interview" with the ALJ. Presumably, Claiborne is referencing the first hearing conducted by the ALJ on July 6, 2022. During that hearing, Claiborne pointed out that certain medical records appeared to be missing. Ultimately, Claiborne appeared frustrated and indicated he would withdraw his claim and refile it when he turned age 63. Based on his request, the ALJ entered an order of dismissal. Claiborne then asked the Appeals Council to set aside the dismissal, which the Appeals Council obliged. On remand from the Appeals Council, the ALJ conducted a second hearing on June 29, 2023. Claiborne does not identify which specific medical records were missing nor how the ALJ's alleged failure to review the missing

medical records at the initial hearing adversely affected his claim. Moreover, Claiborne does not contend that any medical records were missing at the time of the second hearing or when the ALJ issued his decision. He only complains of missing records during the first hearing. Claiborne fails to identify any reversible error regarding missing medical records.

**Treatment History**

Two of Claiborne's claims touch on the ALJ's consideration of his treatment history. Claiborne generally takes exception with the ALJ's finding that Claiborne had large gaps in the treatment for his back condition. *See* Doc. [7] at 24. More specifically, Claiborne first argues the ALJ incorrectly found that he did not receive any treatment for his back condition between June 2021 and August 2023. Doc. [11] at 2-3. Claiborne asserts he had appointments on July 2, 2021, and August 23, 2021. Second, Claiborne argues the ALJ failed to account for the fact that the VA was not performing face to face appointments during the relevant treatment period due to COVID-19.

With respect to the July 2, 2021, appointment, Claiborne does not cite to the treatment record. As evidence that the ALJ failed to consider treatment from August 2021, Claiborne cites to "Progress Note pg 287 completed Aug 23, 2021." As indicated in the response brief, counsel for the Commissioner was unable to locate the referenced medical record. Doc. [15] at 10 & n.8. Likewise, the undersigned reviewed the entire administrative record and was unable to locate the alleged July 2, 2021, and August 23, 2021, medical records. Page 283 of the administrative record is a medical record from June 2020 listing Claiborne's prescriptions. *See* Doc. [7-1] at 75. There are no medical records from July 2, 2021[1], or August 23, 2021, in the VA progress notes from the relevant time frame. *See* Doc. [7-2] at 22-31, 35-51, 56-73. Accordingly, the

---

[1] The record contains a letter dated July 2, 2021, from the VA in Pensacola, Florida regarding the release of health information. Doc. [7-2] at 21.

undersigned finds the ALJ did not err in failing to consider what appear to be non-existent records.

Even assuming arguendo that there were medical records that the ALJ failed to consider when rendering his decision, Claiborne fails to identify how the ALJ's failure to consider these particular medical records would have affected Claiborne's substantial rights. Claiborne does not identify the subject or content of the progress notes nor how they would relate to his claim of disability. "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). "The procedural improprieties alleged by [Claiborne] will therefore constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Claiborne fails to demonstrate that the ALJ's error, if any, was anything but harmless.

Claiborne also argues the ALJ failed to properly consider the fact that the VA was not conducting face to face appointments during the relevant time frame. However, the ALJ gave a thorough account of Claiborne's treatment history, including some evidence of telephone visits. *See* Doc. [7] at 18-19.[2] Regardless, Claiborne's arguments fail to call into question the ALJ's finding that Claiborne "had large gaps in his treatment."

**Subjective Complaints**

Claiborne contends the ALJ failed to properly consider his subjective complaints of pain. There is a two-part analysis for evaluating subjective complaints of pain under 20 C.F.R. § 404.1529. *Ripley v. Chater*, 67 F.3d 552, 556 (5th Cir.1995). First, the plaintiff must establish a

---

[2] The ALJ referenced Claiborne's June 2020 telephonic psychiatry visit.

medically determinable impairment that could reasonably be expected to produce the symptoms. *See id.* The next step is to determine the intensity, persistence, and functionally limiting effects of the symptoms and determine the extent to which the symptoms affect the individual's ability to do basic work activities. *See id.* The ALJ must consider all the available evidence, including: (1) the claimant's history; (2) signs and laboratory findings; and (3) statements from the claimant, treating or nontreating sources, or other persons about how the symptoms affect the claimant. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). The ALJ may consider other factors relevant to claimant's credibility, including: (1) the claimant's daily activities; (2) the duration, frequency, and intensity to the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) the prescribed treatment regimen; and (6) any other palliative measures he may use. 20 C.F.R. § 404.1529 & 416.929; SSR 96–7p.

While the ALJ must consider a claimant's subjective complaints, he is allowed to examine the objective medical evidence to test claimant's credibility. *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985). Subjective evidence of symptoms will not take precedence over conflicting medical evidence. *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989). A claimant's subjective complaints may be discounted by an ALJ if they are inconsistent with other evidence in the record. *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). Moreover, judgment as to the credibility of testimony is the sole province of the ALJ. *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). The Fifth Circuit has held that the ALJ's credibility determination is entitled to considerable deference. *See Falco v. Sullivan*, 27 F.3d 160, 164 (5th Cir. 1994).

The ALJ reviewed the medical evidence and found "some consistencies between the allegations of the claimant and the medical evidence." Doc. [7] at 22. Specifically, the ALJ found that a May 2020 x-ray showing mild and moderate changes and Claiborne's obesity

8

supported his subjective complaints of lower back pain. *Id.* However, in discounting Claiborne's subjective complaints, the ALJ noted that Claiborne had not undergone back surgery or injections, had large gaps in treatment, appeared to improve with conservative treatment, had no musculoskeletal abnormalities on exam, and could ambulate without assistive device and with normal gait. *Id.* at 22-24. The ALJ noted that "there is nothing from a treating provider advising that the claimant is experiencing any serious, chronic physical limitations." *Id.* at 24; *see Parfait v. Bowen*, 803 F.2d 810, 813-14 (5th Cir. 1986). Based on the foregoing, the undersigned finds the ALJ properly considered and discounted Claiborne's subjective pain complaints when assigning an RFC consistent with a full range of light work.

**Residual Functional Capacity**

Finally, Claiborne argues the ALJ's RFC "was not in line with any medical fact by my prescribed physician and his findings were his opinion and not supported by a medical physician." Doc. [11] at 3-4. He contends the ALJ and Appeals Board failed to properly consider the totality of his "severe lower back problem." He further contends the ALJ failed to properly consider Dr. Gutierrez's findings from a January 2023 appointment. Claiborne also asserts that he was to begin receiving back injections on February 5, 2025. Liberally construed, Claiborne argues the ALJ's RFC assessment is not supported by substantial evidence.

As an initial matter, Claiborne fails to point to any medical opinion evidence that would support a more restrictive RFC than the one assigned by the ALJ. Although he cites to Dr. Gutierrez's January 2023 examination, the ALJ in fact considered Dr. Gutierrez's report. Doc. [7] at 23. Based on this record, the ALJ noted that Claiborne's pain had improved with medication, physical therapy, and traction; and Claiborne was in "no acute distress, ambulated independently with a normal gait." *Id.* at 24. The ALJ further noted that the examination

9

revealed no musculoskeletal abnormalities. Although the January 2023 examination report discusses Claiborne's back condition, and his self-reported pain, it does not identify any limitations caused by the back condition. As the ALJ stated, "there is nothing from a treating provider advising that the claimant is experiencing any serious, chronic physical limitations." *Id.* at 24. The fact that Claiborne may have begun receiving back injections beginning February 5, 2025, is not material because the treatment occurred approximately 18 months after the ALJ rendered his decision. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) (evidence relating to subsequent deterioration of a previously non-disabling condition is not material unless it relates to the period for which benefits were sought and denied).

As noted by the ALJ, no treating source assigned limitations based on Claiborne's back condition. Doc. [7] at 24. Glenn James, M.D., found that Plaintiff's back condition was non-severe. Doc. [7] at 94. The ALJ found Dr. James' opinion to be partially persuasive. The ALJ instead found the back condition was severe and assigned more restrictive physical limitations accordingly. *Id.* at 25. The ALJ also cited to large gaps in Claiborne's treatment history and that he appeared to improve with conservative treatment as support for the assigned limitations. *Id.* at 24. As discussed previously, the ALJ properly considered Claiborne's subjective complaints of pain and discounted those subjective complaints to the extent they were inconsistent with the objective medical evidence. Based on the foregoing, the undersigned finds substantial evidence supports the ALJ's RFC assignment.

**Social Security Disability Award**

On June 17, 2025, Claiborne filed a notice of award. Doc. [16]. The attached documents indicate that on June 3, 2025, the Social Security Administration found Claiborne disabled as of September 12, 2023, and awarded him benefits accordingly. Claiborne argues the Social

Security Administration has now admitted that he is disabled and therefore he should be awarded benefits from his original alleged onset date of August 19, 2020. Doc. [18].

Claiborne's subsequent award for a different period of disability has no effect on whether he was entitled to disability benefits from the alleged onset date of August 19, 2020, through September 11, 2023, the date of the ALJ's decision. *See Shave v.* Apfel, 238 F.3d 592, 597 (5th Cir. 2001). According to the subsequent award, the Social Security Administration found Claiborne disabled as of September 12, 2023, and thus Claiborne's proffered evidence of disability falls outside the relevant period for purposes of the instant cause of action. The fact that Claiborne's conditions may have worsened to the point where he is now disabled does not prove that he was disabled during the relevant period of disability for the instant case. *See Falco*, 27 F.3d at 164.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the decision of the Commissioner be affirmed.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination

by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED AND ADJUDGED, this the 28th day of July 2025.

                                        /s/ *Robert P. Myers, Jr.*
                                        ROBERT P. MYERS, JR.
                                        UNITED STATES MAGISTRATE JUDGE