**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KENNETH J. CLAIBORNE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:24cv141-HSO-RPM** |
| | § | |
| | § | |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY** | § | **DEFENDANT** |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [19], AFFIRMING COMMISSIONER OF SOCIAL SECURITY'S DECISION, AND DISMISSING CASE WITH PREJUDICE

Plaintiff Kenneth J. Claiborne appeals the Commissioner of Social Security's denial of his disability claim. *See* Compl. [1]; Br. [11]. On July 28, 2025, United States Magistrate Judge Robert P. Myers, Jr., entered a Report and Recommendation [19] that the Commissioner's decision be affirmed. *See* R. & R. [19] at 11. No party has objected to the Report and Recommendation [19], and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1). After review of the record and relevant legal authority, the Court finds that the Report and Recommendation [19] should be adopted, that the Commissioner's decision should be affirmed, and that this civil action should be dismissed with prejudice.

## I.   BACKGROUND

On or about September 29, 2020, Plaintiff Kenneth J. Claiborne ("Plaintiff" or "Claiborne") filed an application with the Social Security Administration for

disability benefits, alleging an onset date of August 19, 2020.   *See* R. [7] at 177.
The claim was initially denied in November 2020, *see id.* at 91-95, 106-09, and upon
reconsideration in July 2021, *see id.* at 96.

After Plaintiff submitted a written request for hearing, an Administrative
Law Judge ("ALJ") held a hearing in August 2021, but Plaintiff "asked to withdraw
the request for hearing."   *Id.* at 100.   The request for hearing was accordingly
denied, *see id.*, but Plaintiff then sought relief from the Appeals Council, arguing
that he did not fully understand the effects of withdrawing his request for hearing,
*see id.* at 149-50.   The Appeals Council vacated the order of dismissal and
remanded the case to the ALJ for another hearing.   *See id.* at 103.

On June 29, 2023, the ALJ held a second hearing to consider whether
Plaintiff was disabled and whether he met the insured status requirements under
the Social Security Act (the "Act").   *See id.* at 11.   The ALJ concluded that Plaintiff
met the insured status requirements but that he was not disabled from August 19,
2020, through the date of the decision in September 2023.   *See id.* at 13-23.
Plaintiff sought Appeals Council review, *see id.* at 156-57, and the Appeals Council
"found that the reasons [submitted by Plaintiff] do not provide a basis for changing
the Administrative Law Judge's decision" and denied the request for review, *id.* at
4.

Plaintiff then filed a Complaint [1] in this Court seeking judicial review
pursuant to 42 U.S.C. § 405(g).   *See* Compl. [1].   Plaintiff insists that the "Social
Security Administration denied [his] claim three times without truly looking at the

circumstances of the claim." *Id.* at 4.   According to Plaintiff, the ALJ was not

prepared and was combative, disrespectful, and biased.   *See* Br. [11] at 1.   He also

claims that the ALJ did not take into consideration all available medical evidence

and erroneously stated that Plaintiff did not have any further treatment for his

lower back after June 20, 2020, citing an appointment on July 2, 2021.   *See id.* at 2.

According to Plaintiff, the ALJ discounted his subjective complaints of pain, and the

residual functional capacity ("RFC") assessment "was not in line with any medical

fact by [his] prescribed physician" and not supported by sufficient evidence.   *Id.* at

3-4.

After briefing was complete, Plaintiff filed a Notice of Award [16], advising the

Court that the Social Security Administration had determined he became disabled

on September 12, 2023, and that he would be receiving Social Security benefits.   *Id.*

at 3.   Plaintiff later explained that this award was based upon a second application

filed in June 2024, but that he still seeks an earlier disability onset date in this case.

Resp. [18] at 1-2.

On July 28, 2025, United States Magistrate Judge Robert P. Myers, Jr.,

entered a Report and Recommendation [19] finding that Plaintiff failed to meet his

burden to overcome the presumption that the ALJ was fair and unbiased, identify

any reversible error regarding any allegedly missing medical records, or call into

question the ALJ's finding that Plaintiff had large gaps of time in his treatment.

*See* R. & R. [19] at 5-7.   As for Plaintiff's subjective complaints of pain, the

Magistrate Judge noted the inconsistencies the ALJ found between the records and

Plaintiff's complaints and concluded that the ALJ had properly considered and discounted them when assigning an RFC consistent with a full range of light work, which the Magistrate Judge found was supported by substantial evidence. *See id.* at 8-10.    Finally, as for the Notice of Award [16], the Magistrate Judge explained that Plaintiff's "subsequent award for a different period of disability has no effect on whether he was entitled to disability benefits from the alleged onset date of August 19, 2020, through September 11, 2023, the date of the ALJ's decision." *Id.* at 11. The Magistrate Judge therefore recommended that the Commissioner's decision be affirmed. *Id.*    No party has objected to the Report and Recommendation [19], and the time for doing so has passed.    *See* 28 U.S.C. § 636(b)(1).

## II.    DISCUSSION

Where no party has objected to a Magistrate Judge's report and recommendation, the Court need not conduct a de novo review of it.    28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").    Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the report and recommendation.    *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Report and Recommendation [19] is neither clearly erroneous nor contrary to law.    The Court will adopt the Magistrate Judge's Report and Recommendation [19] as the opinion of this Court and will affirm the decision of the Commissioner.

4

III.    <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [19] of United States Magistrate Judge Robert P. Myers, Jr., entered on July 28, 2025, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Commissioner of Social Security's decision is **AFFIRMED**, and this civil action is **DISMISSED WITH PREJUDICE**.   This Court will enter a separate final judgment pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of August, 2025.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE